Filed 1/18/24  P. v. Beltran CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C098365 |
| Plaintiff and Respondent, | (Super. Ct. Nos. STK-CR-FE-2014-0007387, SF129018A) |
| v. | |
| ANTHONY RAY BELTRAN, | |
| Defendant and Appellant. | |

In November 2014, defendant Anthony Ray Beltran pled guilty to one count of committing a lewd act on a child.  The trial court sentenced defendant to one year in prison.

1

In August 2022, defendant filed a motion to reduce the felony conviction to a misdemeanor under Penal Code[1] section 17, subdivision (b).  Defendant argued he had completed the conditions of his parole and had not committed any other offenses since his conviction.  The prosecution filed a response, noting defendant had been sentenced to prison and was thus ineligible for relief.

In March 2023, the trial court held a hearing on the motion.  Defendant cited section 17, subdivision (b)(3) and argued it gave the court discretion to reduce the felony to a misdemeanor.[2]  The court denied the motion.

Defendant filed a timely notice of appeal.

## DISCUSSION

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief setting forth the facts of the case and requesting that this court review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days have passed, and defendant did not file a supplemental brief.

In *People v. Wende*, *supra*, 25 Cal.3d at page 441, our Supreme Court held that "Courts of Appeal must conduct a review of the entire record whenever appointed counsel submits a brief on direct appeal which raises no specific issues or describes the appeal as frivolous."  (*People v. Delgadillo* (2022) 14 Cal.5th 216, 221.)  The *Wende* procedure applies "to the first appeal as of right and is compelled by the constitutional

---

[1]     Undesignated statutory references are to the Penal Code.

[2]     Section 17, subdivision (b)(3) designates certain offenses misdemeanors where "the court grants probation to a defendant and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor."

right to counsel under the Fourteenth Amendment of the United States Constitution." (*Delgadillo*, at p. 221.)

In *Delgadillo*, our Supreme Court considered whether the *Wende* process applies to a trial court's order denying a petition for postconviction relief under section 1172.6 and concluded such procedures are not required. (*People v. Delgadillo*, *supra*, 14 Cal.5th at pp. 221-222.) While *Delgadillo* addressed the application of *Wende*'s review procedures in the specific context of a postconviction relief order under section 1172.6, it explicitly declined to apply its holding to other postconviction motions. (*Delgadillo*, at p. 231, fn. 5 ["In this case, we are not deciding *Wende*'s application to other postconviction contexts, which may present different considerations"].) As such, we will exercise our discretion to conduct an independent review of defendant's case for any arguable issues.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The trial court's order is affirmed.

/s/
ROBIE, Acting P. J.

We concur:

/s/
DUARTE, J.

/s/
KRAUSE, J.